**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| John Fralish, *on behalf of himself and others similarly situated*, | ) ) ) | Civil Action No.: 3:22-cv-00176 |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Ceteris Portfolio Services, LLC, | ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

**Nature of the Action**

1. John Fralish ("Plaintiff") brings this class action against Ceteris Portfolio Services, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   *****

   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, Defendant routinely violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant repeatedly delivered artificial or prerecorded voice messages to wrong

1

or reassigned cellular telephone numbers that do not belong to the intended recipients of Defendant's debt collection calls. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012) ("Consent to call a given number must come from its current subscriber.").

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant directed its prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Mishawaka, Indiana.

8. Defendant is a debt collection company with its principal office in Mount Laurel, New Jersey.

9. Defendant describes itself as a "premiere nationwide ARM firm providing end-to-end accounts receivable management solutions to assist clients in managing their debt."[1]

10. Defendant does business under the name "SRA Associates."

11. Defendant is a debt collector that "help[s]" its client's accountholders "resolve their indebtedness and re-establish their credit rating."[2]

---

[1] *See* https://www.insidearm.com/news/00046623-ceteris-portfolio-services-llc-enhances-t/ (last visited March 7, 2022).

[2] *See* https://www.sranow.com/about (last visited March 7, 2022).

12. Defendant is licensed to perform business throughout the United States and Puerto Rico.[3]

## Factual Allegations

13. Since early 2021, Plaintiff has been the subscriber to and sole customary user of telephone number (571) XXX-5098.

14. Since at least early 2021, telephone number (571) XXX-5098 has been assigned to a cellular telephone service.

15. In an attempt to contact one or more third parties, Defendant placed numerous calls and delivered artificial or prerecorded voice messages to cellular telephone number (571) XXX-5098.

16. Defendant began placing calls and delivering artificial or prerecorded voice messages to telephone number (571) XXX-5098 as early as August 2021.

17. Defendant placed at least one call to telephone number (571) XXX-5098 on August 23, 2021.

18. Defendant placed at least one call to telephone number (571) XXX-5098 on September 2, 2021.

19. Defendant placed at least one call to telephone number (571) XXX-5098 on September 14, 2021.

20. Defendant placed at least one call to telephone number (571) XXX-5098 on September 15, 2021.

21. Defendant placed at least one call to telephone number (571) XXX-5098 on October 5, 2021.

---

[3] *See* https://www.sranow.com/faq (last visited March 7, 2022).

22. Defendant placed at least one call to telephone number (571) XXX-5098 on October 14, 2021.

23. Defendant placed its calls to telephone number (571) XXX-5098 from telephone numbers (888) 406-1009, (866) 930-9832, and (888) 523-7510.

24. When dialed, telephone number (888) 406-1009 plays a prerecorded voice message greeting that begins: "Thank you for calling SRA Associates. You are calling on a recorded line that may be monitored for quality assurance purposes. This is a communication from a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

25. When dialed, telephone number (888) 523-7510 plays an identical prerecorded voice message greeting that begins: "Thank you for calling SRA Associates. You are calling on a recorded line that may be monitored for quality assurance purposes. This is a communication from a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

26. When dialed, telephone number (866) 930-9832 plays an identical prerecorded voice message greeting that begins: "Thank you for calling SRA Associates. You are calling on a recorded line that may be monitored for quality assurance purposes. This is a communication from a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

27. In connection with several of its calls to telephone number (571) XXX-5098, Defendant delivered an artificial or prerecorded voice message.

28. For example, on October 14, 2021, Defendant delivered a prerecorded voice message to the voice mail box associated with telephone number (571) XXX-5098 that stated:

> This is SRA Associates. This communication is from a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Please contact our office back at (866) 930-9832.

4

29. Plaintiff listened to the artificial or prerecorded voice messages Defendant delivered to his cellular telephone number.

30. On two occasions, Plaintiff called Defendant, and during ensuing conversations Defendant informed Plaintiff that Defendant did not intend to reach Plaintiff and that Defendant was calling the wrong telephone number.

31. Defendant records "100%" of its inbound and outbound telephone calls, and it stores the recordings for seven years.[4]

32. Upon information and good faith belief, Defendant's records will identify each call it placed to telephone number (571) XXX-5098.

33. Upon information and good faith belief, Defendant's records will identify each prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (571) XXX-5098.

34. Defendant did not have Plaintiff's prior express consent to place any calls to his cellular telephone number.

35. Defendant did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to his cellular telephone.

36. Plaintiff never provided his cellular telephone number to Defendant.

37. Plaintiff never had any business relationship with Defendant.

38. Plaintiff does not have, and never had, an account in collections with Defendant.

39. Plaintiff does not, and never did, owe any money to Defendant.

40. Defendant did not place any calls to telephone number (571) XXX-5098 for emergency purposes.

---

[4] https://www.sranow.com/faq (last visited March 7, 2022).

41. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (571) XXX-5098 under its own free will.

42. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (571) XXX-5098.

43. Plaintiff suffered actual harm as a result Defendant's calls and prerecorded voice messages in that he suffered an invasion of privacy, an intrusion into his life, a private nuisance, and was forced to spend time attempting to get Defendant's calls and prerecorded voice messages to stop.

44. Upon information and good faith belief, Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

45. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Ceteris Portfolio Services, LLC placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account in collections with Ceteris Portfolio Services, LLC, (3) with an artificial or prerecorded voice, (4) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

47. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

48. The proposed class is ascertainable because it is defined by reference to objective criteria.

49. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

50. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

51. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.

52. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice calls from Defendant even though he does not, and never did, have an account in collections with Defendant.

53. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

54. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

56. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

57. There will be little difficulty in the management of this action as a class action.

58. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

59. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA as alleged in this class action complaint;

   b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

   c. Defendant's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   d. Whether Defendant is liable for artificial and prerecorded messages it delivered to persons who did not have an account in collections with it; and

   e. the availability of statutory damages.

60. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)
### On behalf of Plaintiff and the class

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without his consent.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls by using an artificial or prerecorded voice to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: March 7, 2022

*/s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class