UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN FRALISH on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-176 DRL-MGG |
| CETERIS PORTFOLIO SERVICES, LLC, | |
| Defendant. | |

ORDER

On March 7, 2022, John Fralish ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Ceteris Portfolio Services, LLC ("Defendant") in the United States District Court for the Northern District of Indiana, Case No. 3:22-cv-176-DRL-MGG, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Defendant has denied any and all liability alleged in the Lawsuit.

On April 12, 2023, after appropriate arms-length negotiations and as the result of private mediation before the Hon. Diane M. Welsh (Ret.), Plaintiff and Defendant (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. On April 12, 2023, Plaintiff filed the Settlement Agreement, along with his Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

On May 19, 2023, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Settlement Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the

proposed settlement; (iii) appointed John Fralish as the class representative; (iv) appointed Greenwald Davidson Radbil PLLC as Class Counsel; and (v) set the date and time of the Fairness Hearing. *See Fralish v. Ceteris Portfolio Servs.*, LLC, No. 3:22-cv-176-DRL-MGG, 2023 WL 3579139 (N.D. Ind. May 19, 2023).

On August 15, 2023, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On September 15, 2023, this Court held a Fairness Hearing pursuant to Rule 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court.

Plaintiff now requests final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Rule 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members with respect to the claims asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom Ceteris Portfolio Services, LLC delivered, or caused to be delivered, a voice mail box direct drop or ringless voice message, (2) between June 1, 2021 and February 1, 2023, (3) to a cellular telephone number Ceteris Portfolio Services, LLC designated with an internal "wrong number" designation at some point during the account history.

Pursuant to Rule 23, the Court certifies Plaintiff John Fralish as the class representative and Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Settlement Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

    C. Plaintiff's claims are typical of the claims of the Settlement Class Members;

    D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

    E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: (1) the strength of the plaintiff's case compared to the terms of the proposed settlement; (2) the likely

3

complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

The Court also has considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

(A) the class representative and Class Counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Settlement Agreement, which is deemed incorporated herein, is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

A. <u>Settlement Fund</u> - Defendant will establish a $761,850.00 Settlement Fund (the "Settlement Fund").

4

B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

    a. The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential Settlement Class Members;

    b. Plaintiff's attorneys' fees, in the amount of $249,623.30, and the reimbursement of class counsel's litigation costs and expenses, in the amount of $7,253.94; and

    c. The Service Award to Plaintiff. John Fralish will receive $5,000.00 as acknowledgment of the time and effort he has spent in furtherance of his role in prosecuting this case on behalf of the Settlement Class Members, and as a result of the benefits Mr. Fralish achieved for Settlement Class Members.

C. <u>Settlement Payment to Settlement Class Members</u> - Each Settlement Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

The Settlement Class Members were given an opportunity to object to the settlement. No Settlement Class Members objected to the settlement. No Settlement Class Members made a valid and timely request for exclusion. This Order is binding on all Settlement Class Members.

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding, or an admission that a litigation class would have been certifiable in this proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

In sum, the court GRANTS the motion for attorney fees in the amount of $249,623.30, costs and expenses in the amount of $7,253.94, and a service award to Mr. Fralish in the amount of $5,000 [ECF 46]. The court GRANTS the motion for final approval of the class action settlement and gives FINAL approval of the Settlement Agreement as a fair and reasonable compromise of a bona fide dispute. This matter is DISMISSED WITH PREJUDICE.

SO ORDERED.

September 15, 2023　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　Judge, United States District Court